FRANK E. FARMER v. TOWN OF SALISBURY.

October Term, 1904.

Present: ROWELL, C. J., TYLER, START, WATSON, HASELTON, and
POWERS, JJ.

Opinion filed November 25, 1904.

*Poor Persons—Relief — Physician's Services — Liability of
Town—Promise of Overseer—Consideration.*

A town is not liable for medical services rendered a poor person prior
to notice thereof to the overseer, although the overseer, when so
notified, promised, in behalf of the town, to pay for such services,
and they were rendered in the expectation that the town would
pay for them. In such case there is no consideration for the
promise, and such services do not inure to the benefit of the
town.

When, in an interview in behalf of the plaintiff, who was rendering
medical services to a poor person, defendant's overseer used lan-
guage from which plaintiff's representative understood, and had
a right to understand, that defendant would pay plaintiff's entire
bill, defendant is liable for such services rendered after the over-
seer's promise, and in reliance thereon.

GENERAL ASSUMPSIT. Trial by court at the June
Term, 1904, Addison County, *Munson, J.,* presiding. Judg-
ment for the plaintiff to recover his entire bill. The defend-
ant excepted.

In respect of Dyer's interview with the overseer the
court found: "That Dyer saw the overseer in behalf of the
plaintiff on Feb. 15; that the overseer then used language
from which Dyer understood, and had a right to understand,
that the town would assume the payment of plaintiff's bill
for this sickness; and that Dyer shortly after communicated
this to the plaintiff."

*Charles F. Kingsley* for the defendant.

The overseer cannot bind the town to pay a poor person's debts incurred before application for aid. The town itself could not vote to do so. *Spafford* v. *Norwich,* 71 Vt. 71; *Sheldon et al.* v. *Bennington,* 67 Vt. 580.

*Cushman & Russell* for the plaintiff.

It is not necessary that an application for relief should be made in order to bind the town. *Weston* v. *Wallingford,* 52 Vt. 630; *Waldon* v. *Cabot,* 25 Vt. 522; *Blodgett* v. *Lowell,* 33 Vt. 174.

TYLER, J. It was found by the court below that Mrs. Lauber, who was living with her husband in defendant town, was very sick, also very poor and in need of assistance, and that Mr. Joy, her neighbor, requested the plaintiff, who was a physician residing in Middlebury, to visit Mrs. Lauber and promised to pay him for that visit. The plaintiff made the visit February 3, 1903, and then informed Joy that the woman would require attendance for a long time. Joy declined to be further responsible, and by his advice the plaintiff saw one Dyer, another neighbor, who tried to communicate by telephone with the defendant's overseer of the poor, but failing to do so advised the plaintiff to continue his visits, saying that he would see the overseer about the matter, but he did not see him until February 15th, when he had an interview with him in the plaintiff's behalf. The overseer then used language from which it is found that Dyer understood and had a right to understand that the town would assume payment of the plaintiff's charges and that he so informed the plaintiff. The court found that after the first visit, which was charged to Joy, the plaintiff rendered his services in the *expectation* that the town would pay him, and

that after Dyer's report to him, in *reliance* upon such payment.

It is apparent that the overseer undertook to assume payment of the plaintiff's entire bill, but there was no consideration for the promise to pay for the services rendered prior to February 15th. They were not rendered upon the overseer's promise to pay and did not inure to the defendant's benefit, therefore the defendant is not liable for them, but is liable for the charges made after that date.

*Judgment reversed, and judgment for the plaintiff to recover the amount of his bill exclusive of the charges made prior to February 15, 1903.*